**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| ISAAC GRAY | : | |
| Petitioner | : | |
| v | : | Civil Action No. CCB-07-1095 |
| RODERICK SOWERS, and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND | : : | |
| Respondents | : | |

o0o

# MEMORANDUM

Upon this court's order, respondents have filed a limited response to the above-captioned petition for writ of habeas corpus filed by Isaac Gray in April 2007, alleging it is successive and time-barred. Paper No. 6. Petitioner was provided with an opportunity to file a reply to the response, addressing the timeliness issue. Paper No. 7. Petitioner has filed a reply and a supplement to his reply. Papers No. 8 and 9. The matter is now ripe for this court's review.

Background

Petitioner was convicted by a jury of first degree rape and battery in the Circuit Court for Howard County on April 24, 1986. Paper No. 6 at Ex. 3, p. 3 and 8. On July 18, 1986, petitioner was sentenced to serve life for the first degree rape and a five year concurrent term for battery. *Id*. at p. 8 and 10. Petitioner filed an appeal to the Court of Special Appeals alleging that discriminatory peremptory challenges were used to eliminate black jurors. *Id*. at Ex. 4. The Court of Special Appeals remanded the case with instructions to determine if petitioner had enough evidence for a prima facie showing of racial discrimination. The lower court held that petitioner had failed to make such a showing and petitioner appealed. Petitioner's appeal was denied and his convictions affirmed by the Court of Special Appeals on July 18, 1988. *Id*. at Ex. 3, p. 11. The

Court of Appeals granted his petition for writ of certiorari and affirmed the conviction on September 8, 1989. *Gray v. State*, 317 Md. 250, 562 A. 2d 1278 (1989).

On September 16, 1993, petitioner filed for post-conviction relief in the Circuit Court for Howard County. He withdrew the petition on July 7, 1994. *Id*. A second post-conviction petition filed on August 10, 1994, was denied by the Circuit Court on December 14, 1994. *Id*. Petitioner's application for leave to appeal the decision was dismissed as untimely on January 19, 1995. *Id*. A third post-conviction petition filed on September 8, 1995, was denied on January 14, 1997. Petitioner did not appeal the decision. *Id*. Petitioner filed a fourth post-conviction petition on August 3, 1998, which was denied on December 1, 1998. *Id*. An application for leave to appeal was denied by the Court of Special Appeals on June 21, 2000. *Id*. Another post-conviction petition was filed on November 23, 1999, and denied on January 11, 2000. *Id*. Petitioner also sought to re-open post-conviction proceedings, which was denied on January 23, 2006.

Petitioner's conviction became final prior to the passage of the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996. Accordingly, he had until April 25, 1997, to file for federal habeas relief. *See Brown v. Angelone*, 150 F.3d 370, 375 (4th Cir. 1998). Petitioner filed for federal habeas relief on February 3, 1997, challenging the validity of the same conviction at issue here. *See Gray v. Gee*, CCB-97-332 (D. Md. 1997); Paper No. 6 at Ex. 1. This court held that petitioner had failed to properly exhaust all but two of the claims raised and had not offered evidence of his actual innocence or prejudice resulting from any failure to review the merits of his claims. *Id*. Because of those defects, the undersigned denied habeas corpus relief with prejudice. *Id*. Thus, the instant petition is petitioner's second attempt to obtain federal habeas corpus review.

Under 28 U.S.C. § 2244(b)(3), petitioner may file a second or successive habeas corpus

petition only if he has moved the appropriate circuit court for an order authorizing the district court to consider his application. *See* 28 U.S.C. § 2244(b)(3);[1] *Felker v. Turpin*, 83 F.3d 1303, 1305-07 (11th Cir.1996). The pending application is successive. Before this court may consider the petition, the United States Court of Appeals for the Fourth Circuit must enter an order authorizing this court to do so. *See* 28 U.S.C. § 2244(b)(3)(A);[2] *see In re Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997) (*en banc*). Because it does not appear that petitioner has complied with this "gatekeeper" provision, his pending application for habeas corpus relief must be dismissed pursuant to 28 U.S.C. § 2244(b)(3).[3]

The United States Court of Appeals for the Fourth Circuit has set forth instructions for the filing of a "motion" to obtain the aforementioned authorization order. The procedural requirements and deadlines for filing the "motion" are extensive. Consequently, this court has attached hereto a packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive procedure to be followed should petitioner wish to seek authorization to file a successive petition with the appellate court. It is to be emphasized that petitioner must file the "motion" with the Fourth Circuit and obtain authorization to file his successive petition before this court may examine his

---

[1] 28 U.S.C. § 2244(b)(3)(B) provides, as amended, that: "[A] motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals."

[2] 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

[3] Under the amendments to 28 U.S.C. § 2254, a second or successive petition must be certified as provided in § 2244 by a panel of the appropriate court of appeals to contain--(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense, or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

claims.[4]

Accordingly, by separate order which follows, the petition for writ of habeas corpus will be denied without prejudice.

September 25, 2007                                              /s/
Date                                                      Catherine C. Blake
                                                          United States District Judge

---

[4] The court will not reach the merits of respondents' contention that the petition is time-barred.